UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TOWN OF POUGHKEEPSIE,

                Plaintiff,                02 Civil 6995 (CLB)

    - against

                                      *Memorandum and Order*

THOMAS ESPIE, BETTY ESPIE, PATRICK F. MOORE,
FRANK E. REDL, WILLIAM L. PAROLI, SR., FRANCES
L. RAUCCI as Administrator of the ESTATE OF BASIC
RAUCCI, FRED ANDROS, LAWRENCE KNAPP,
ROY C. KNAPP & SONS, INC., PETER R. CANTLINE,
JOHN V. KANE III, ROGER A. MASTRI, DONALD G.
TOMLINS, MARK T. JOHNSON, HAYWARD & PAKAN
ASSOCIATES, THOMAS MURPHY, MICHAEL DUNAGAN,
MARY MOORE, LORRAINE TRACEY, LOUIS MURASSO,
PATRICK HINKLEY, DENNIS LEARY, and PRESIDENTIAL
HOMES OF NEW YORK, INC.,

                Defendants.
------------------------------------------------------------------------x
Brieant, J.

    Before the Court remain several motions in this case (Doc. Nos. 131, 169, 195, 198). By memorandum and order dated September 28, 2005, the Court dismissed as time-barred and as failing to state a claim upon which relief could be granted, Plaintiff's RICO claim as against all Defendants. It also dismissed Claims Five through Ten of the Complaint as time barred. Familiarity of the reader with all additional prior proceedings in this case is presumed.

    Defendant Patrick Moore's motion for summary judgment (Doc. No. 169) is now granted on the basis that, aside from the RICO claim already dismissed by this Court, the remaining claims asserted against Defendants Moore and Redl are time barred by applicable statutes of

1

limitation.  Specifically, a three-year statute of limitations applies to attorney malpractice (Claim #4), breach of fiduciary duty when monetary damages are sought (Claim #3) and negligence (Claim #10).  *See CPLR 214; Dignelli v. Berman*, 293 A.D.2d 565 (N.Y. App. Div. 2002)(citations omitted) .  Mr. Moore's and Mr. Redl's representation on the matter for which the malpractice is alleged, namely the purchase of the Espie property, ended with the closing on September 18, 1996.  Their limited subsequent representation of the Town in the factual context of this case does not warrant the application of the doctrine of continuous representation in order to toll the statute.  *See Dignelli*, 293 A.D.2d at 566 (N.Y. App. Div. 2002)(citations omitted).

The Town's motion for reconsideration/reargument (Doc. No. 198) is granted as to Claims Five and Six, and is denied as to all other claims.  This Court made clear in its RICO analysis that it easily perceived the Closing date of September 18, 1996, as the *latest possible* date by which the RICO claim could have accrued.  Plaintiffs' Claim Six for fraud, however, was not for incomplete renovations upon taking possession of the property, but rather was for what it deems an unnecessary and illegal price inflation of $1.6 million for renovations.  That increase to the purchase price was ratified by the Town Board on July 18, 1996.  By that date, the Board knew, or should have known whether those alleged renovation costs were  legitimate.  The Town also issued a bond resolution to fund that increase in July 1996.  Nevertheless, it could be argued in state court that the Town's injury from a fraudulent price increase did not actually occur until the closing on September 18, 1996.  Accordingly, the Court's September 28, 2005 decision is modified so as to dismiss the Claim Five for fraud without prejudice, so that it may be litigated in state court if Plaintiff is so advised.  The Town's Claim Six for breach of contract was

perceived by the Court as a claim for negligent workmanship, but the Town's argument that this claim is grounded in contract is not without merit. Accordingly, the Court modifies its September 18, 2005 decision to hold that the Town's Claim Six is not necessarily time barred. That claim is hereby dismissed without prejudice, so that it may be litigated in state court if Plaintiff is so advised.

The Court originally dismissed Claims Seven and Eight as time barred. Upon reconsideration, these claims were not necessarily time barred, but the Court adheres to its dismissal of these claims for the following additional reasons. Claim Seven for Breach of the Covenant of Good Faith and Fair Dealing asserts an unnecessary separate cause of action in the context of this case, as every New York contract, including the Agreements at issue in this case, includes such a covenant, and this claim is thus part of Plaintiff's Claim Six for Breach of Contract. Claim Eight for Unjust Enrichment is similarly unnecessary, as any damages that may accrue to the Town in this case are covered by the fraud and breach of contract claims. If there was no fraud or breach of contract, there was no unjust enrichment. In contrast, if there was a breach of contract or fraud, the Town will receive appropriate damages.

As to Claims Nine and Ten, the Court finds unavailing the Town's argument that it was deprived of the opportunity to come forward with further evidence or argument on whether these claims were time barred. The limitations periods and timeliness of the Town's action in this case have been from the beginning determinative issues in claims that are substantially intertwined and concern the central act of the property purchase. The Town has had a full and fair

opportunity to present its positions and contentious regarding equitable tolling of applicable statutes of limitations bearing on the claims surrounding the Town's purchase of the Espie property, and any other arguments concerning limitations. On reconsideration, the Court adheres to its prior decision as to Claims Nine and Ten, which were dismissed in its September 28, 2005 decision.

The Espie Defendants' Motion to dismiss the Complaint (Doc. No. 131) on the alternate argument that the Purchase and Closing Agreements are null and void, is barred by issue preclusion, stemming from the July 2005 decisions of Justice Pagones of the New York Supreme Court, County of Dutchess, indexed at 5103/04, 1187/05, and 2320/05. Among other relief, the Espies sought declaratory judgment that the closing agreement executed September 18, 1996 is void. Their claims were dismissed as time-barred by Justice Pagones. While the Espies have appealed that judgment, the pendency of an appeal does not detract from the preclusive nature of the judgment appealed from, when relied on in collateral proceedings. *See e.g., Brown v. Manufacturers Hanover Trust Co.*, 602 F. Supp. 549, 551 (S.D.N.Y. 1984) (J. Goettel) ("That the plaintiff is attempting to appeal the Appellate Division's order to the New York Court of Appeals, does not affect the outcome ... In New York, the pendency of an appeal does not alter the res judicata effect of the challenged judgment.")

> The doctrine of collateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point. It is a doctrine intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it. There are now but two requirements which must be satisfied before the doctrine is invoked. First, the identical issue necessarily must have been decided in the prior action and be decisive of the

> present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.

*Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (N.Y. 1985)(citations and quotations omitted).

The Court finds unavailing the Espies' argument that the issue in this Court differs from the declaratory judgment of invalidity that it sought before Justice Pagones in state court. The Espies seek dismissal of the Town's entire Complaint based on the theory that the September 18, 1996 Purchase Agreement is null and void. They argue that the issue in this case is actually "whether Plaintiff can plead and prove that it entered into [a] valid contract with the Espies [such that it can state a claim for relief.]" Despite the Espies' argument that the issues raised in this Court and in state court are not identical, this Court would necessarily have to adjudicate the invalidity of the transaction in order to grant the relief sought by the Espies on this motion. The Supreme Court of New York has already determined that the Espies' attempt to declare the transaction invalid and thereby effectively rescind the purchase agreement and regain a property which has probably increased in value in the nine years last past, is barred by the New York statute of limitations applicable to contract and declaratory judgment actions. As noted earlier, the Espies are currently appealing Justice Pagones' decisions bearing on this and related issues, and are thus being afforded a full and fair opportunity to litigate the issue. Accordingly, the Espies' motion (Doc. No. 131) is denied.

As held in this Court's September 28, 2005 decision, Plaintiff's RICO claim was the jurisdictional hook by which this action was brought in federal court. Having dismissed the RICO Claim as time-barred and as failing to state a claim, the Court declines to exercise

5

supplemental jurisdiction over any state claims remaining in this case following this disposition. The Espies' motion for Modification or Clarification (Doc. No. 195) concerning supplemental jurisdiction is accordingly denied except to the extent set forth herein.

Plaintiff's Claim One for a RICO violation is dismissed with prejudice for the reasons stated in this Court's September 28, 2005 decision. Plaintiff's Claims Three, Four, Nine and Ten are dismissed with prejudiced as barred by applicable statutes of limitations. Claims Seven and Eight are dismissed with prejudice for the reasons stated above. Plaintiff's Claims Two for violation of the Wicks Law, Five for Fraud and Six for Breach of Contract are dismissed without prejudice.

The Clerk shall enter a final judgment.

X

    X

        X

           X

SO ORDERED.

Dated: White Plains, NY
      January 27, 2006

                                                                               Charles L. Brieant, U.S.D.J.